**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA VICTORIA ESCOBAR GUERRA, | No.   21-70292 |
| Petitioner, | Immigration File No. A208-581-377 |
| v. | |
| MERRICK GARLAND, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2022**
Pasadena, California

Before:  RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

Petitioner Maria Escobar Guerra is a young woman who fled El Salvador because she was threatened by a gang member, "Pablo," who would not take "No"

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel previously granted Petitioner's unopposed motion for submission of this case without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

for an answer: After she refused Pablo's sexual propositions, he allegedly threatened to kill her, she went into hiding in her home, and members of the man's gang started watching for her from outside her home. She fled to the United States, entered without inspection in April 2016, and was apprehended shortly thereafter.

Escobar Guerra petitions for review of a Board of Immigration Appeals ("BIA") decision affirming and adopting an immigration judge's ("IJ") denial of relief from removal under asylum, withholding of removal, and the Convention Against Torture ("CAT") on several independently sufficient grounds. We deny the petition.

1.     Where, as here, the BIA cites *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994), "and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).[1] "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Aguilar Fermin v. Barr*, 958 F.3d 887, 891–92 (9th Cir. 2020). The "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[1] Unless otherwise specified, all internal quotation marks, alterations, emphases, elisions, and citations are omitted from all sources cited herein.

**2.** "[A]n applicant does not have a well-founded fear of future persecution if the applicant could avoid persecution by relocating to another part of the applicant's country," unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648-649 (9th Cir. 2021) (citing 8 C.F.R. § 1208.13(b)(2)(i)). Where, as here, the applicant fails to establish past persecution and is seeking relief on the basis of a well-founded fear of persecution by a non-state actor, the applicant bears the burden of showing that internal relocation would be unreasonable. 8 C.F.R. § 1208.13(b)(3)(iii).

The IJ held that Escobar Guerra had failed to demonstrate that she could not safely relocate within El Salvador. Escobar Guerra claimed that she had a problem with a single person only, and "Pablo" was not shown to have the capacity to find and attack her if she returned to a different part of El Salvador. The IJ also found that even if Pablo was associated with a gang, there was no record "evidence showing that any central leadership of the gang would be willing to expend resources to locate a single person who is of romantic interest to a single gang member." The BIA expressly adopted this aspect of the IJ's decision and reasoning.

Escobar Guerra does not address the internal relocation issue in her brief, so appellate review is waived. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–1260 (9th Cir. 1996). In any event, "[r]elocation is generally not unreasonable solely because the country at large is subject to generalized violence." *Hussain*, 985 F.3d

at 648-649. We find no evidence in the record that compels reversal of the IJ's factual finding that Escobar Guerra could avoid Pablo's threat by living in a different part of El Salvador. *Cf.* 8 U.S.C. § 1252(b)(4)(B) (standard of review).

3.     Escobar Guerra's failure to demonstrate the infeasibility of safe internal relocation also constitutes substantial evidence in support of the BIA's denial of relief under withholding of removal. "The standard for withholding of removal is more stringent than the well-founded fear standard governing asylum, and requires objective evidence that it is more likely than not that the alien will be subject to persecution upon deportation." *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010).

4.     To qualify for withholding of removal under CAT, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Relief is available only if the applicant shows that torture would be inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." *Id.* § 1208.18(a)(1). Relief under CAT may only be denied after the IJ, and then BIA, consider "all evidence relevant to the possibility of future torture," expressly including "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(ii). However, we have clarified that an applicant for relief under CAT does not bear the

burden of proving the impossibility of internal relocation. *See Maldonado v. Lynch*, 786 F.3d 1155, 1163 (9th Cir. 2015) (en banc).

Here, the IJ concluded, based on substantial evidence, that Escobar Guerra failed to meet her burden to prove that she was more likely than not to be tortured if deported to El Salvador. The IJ determined that Escobar Guerra could relocate within El Salvador to avoid any threat of torture posed by Pablo or his associates. As explained, Escobar Guerra does not challenge this finding in her brief, so the issue is waived. The record does not compel a different conclusion.

The IJ also concluded that Escobar Guerra had failed to show that the government of El Salvador instigated or acquiesced in any threat from Pablo. While the record reflects that El Salvador has had some challenges in controlling violence committed by gangs, we have repeatedly held that a "government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *B.R. v. Garland*, 4 F.4th 783, 800 (9th Cir. 2021). Nothing in the record compels a different conclusion, and "[w]e have reversed agency determinations that future torture is not likely only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**